Eastern District of Kentucky
**FILED**

SEP 2 2 2005

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | | |
|---|---|---|
| GENERAL CABLE CORPORATION, | ) | Civil Action No. 05-cv-181 |
| | ) | |
| Plaintiff | ) | |
| | ) | **DAVID L. BUNNING** |
| v. | ) | |
| | ) | |
| NEXANS, INC., | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

### PARTIES

1. Plaintiff, General Cable Corporation ("Plaintiff" or "General Cable"), is a Delaware corporation with its headquarters and principal place of business at 4 Tesseneer Drive, Highland Heights, Kentucky 41076.

2. Defendant, Nexans, Inc. ("Defendant" or "Nexans"), is a Delaware corporation with a principal place of business at 132 White Oak Road, New Holland, Pennsylvania 17557.

### VENUE AND JURISDICTION

3. This is an action for declaratory judgment arising from Title 35 of the United States Code and under the declaratory judgment laws in the United States, 28 U.S.C. §2201 et seq. Exclusive subject matter jurisdiction over this matter is conferred upon the Court pursuant to 28 U.S.C. §§1331 and 1338(a).

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391(b), (c) and (d) and the applicable law of this Court. Defendant, through legal counsel, has contacted General Cable in

Kentucky and made allegations that General Cable is selling products which infringe U.S. Patent Nos. 5,936,205 (the "'205 patent") and RE 37,010 (the "reissue patent") (collectively the "patents-in-suit"). A copy of the patents-in-suit are attached as Exhibit "A." Venue for such a suit is proper in Kentucky given General Cable's principal place of business in Kentucky. For this and other good and proper reasons, venue for this action is proper in this Court.

5. Subject matter jurisdiction is proper because there is an actual case or controversy between Plaintiff and Defendant by virtue of the allegations that Defendant has directed against Plaintiff that the making, using, selling, and/or offering for sale of a line of communication cables infringes, directly or indirectly, U.S. Patent Nos. 5,936,205 and RE 37,010 and as to whether the patents-in-suit are invalid and/or not infringed by Plaintiff. Nexans is qualified and registered to do business in Kentucky and conducts business in Kentucky. On information and belief, this Court has personal jurisdiction over Defendant, based on, among other things, Nexans' conduct of business in Kentucky and continuous systematic contacts with Kentucky including directing letters alleging infringement to Kentucky, against at least one Kentucky resident.

### THE PATENT AND SUIT

6. On information and belief, Nexans, Inc. is the assignee of United States Patent No. 5,936,205 issued to Kerry Newmoyer on August 10, 1999 entitled Communication Cable For Use In A Plenum and RE 37,010 issued to Kerry Newmoyer on January 9, 2001 entitled Communication Cable For Use In A Plenum.

### CASE OR CONTROVERSY

7. An immediate, real, and justicable controversy exists between the parties to this action. As set forth below, Nexans has accused General Cable of infringing the patents-in-suit.

105967.00642/21420084v.1

8. In a letter dated March 4, 2004, Defendant's counsel wrote to General Cable, advising of the existence of both the patents-in-suit.

9. In its letter, Defendant's counsel stated that "General Cable has, and is currently producing and offering for sale a line of communication cables sold under the trademark GenSPEED 5000." Defendant's letter further asserted that "the GenSPEED 5000 product maintains certain features that fall within the purview of the independent claims of both U.S. Patent Nos. 5,936,205 and RE 37,010." Defendant's counsel enclosed a copy of both patents-in-suit for Plaintiff's consideration.

10. Since that time, there have been various exchanges of correspondence and meetings and discussions between the parties to discuss Defendant's allegation that General Cable is acting in violation of the patents-in-suit.

11. General Cable informed Defendant's counsel by letter dated July 14, 2004 that General Cable does not believe it is "doing anything in violation of the patents."

12. The parties have exchanged lengthy position statements with regard to General Cable's belief that the patents-in-suit are unenforceable because they were procured by inequitable conduct. Nexans has stated in writing that it believes it will "prevail on this issue before any tribunal."

13. Discussions between the parties regarding potential resolution of the allegations raised by Defendant have failed and the parties agreed on September 1, 2005 to a one week moratorium on instituting litigation.

14. General Cable has a reasonable apprehension that it will be sued for infringement by Defendant imminently. Hence, an immediate, real, and justicable controversy exists between the parties to this action which gives rise to this declaratory judgment action.

3

## UNENFORCEABILITY OF PATENTS-IN-SUIT

15. On information and belief, the claims of the patents-in-suit are unenforceable due to inequitable conduct committed by the applicants in conjunction with the prosecution of the patents-in-suit.

16. The applicants withheld material information and made affirmative misrepresentations regarding same.

17. Applicants' intentional withholding of material information and affirmative misrepresentations constitutes a violation of the uncompromising duty of candor owed to the Patent and Trademark Office, thereby violating the requirements of 37 C.F.R. §1.56 and rendering the claims of the patents-in-suit unenforceable, null and void *ab initio*.

18. The reissue patent, RE 37,010, is unenforceable due to inequitable conduct by the inventor, Kerry Newmoyer. Specifically, Newmoyer admits in the record of the reissue patent application that he did not disclose to the U.S. Patent & Trademark Office a product specification for his own company's product which he also admits anticipates at least the two independent claims of the parent (U.S. Patent No. 5,493,071).

19. In filing for the reissue patent, Newmoyer claims not to have understood the scope of the claims and the relevance of the product specification to the claims until June of 1996 when two other anticipatory references were disclosed to him by his attorney as a result of licensing activity.

20. However, a sworn written record exists in the form of a Declaration that proves that Newmoyer believed that a mixed pair cable infringed and was therefore pertinent to his claims.

21. Newmoyer's inequitable conduct in the reissue patent also extends to the continuation-in-part which has the same grandparent application as the parent of the reissue

4

patent. However, in addition to the fact that the '205 patent is tainted by the reissue, the '205 patent is also unenforceable based on inequitable conduct which occurred during its procurement.

22. An Information Disclosure Statement filed by Newmoyer in May of 1996 during the procurement of the '205 patent only included references far less pertinent than his own company's product specification which Newmoyer admits he had not disclosed to the United States Patent and Trademark Office.

23. By filing a set of identical claims, not disclosing the product specification, and filing an Information Disclosure Statement with less pertinent references, Newmoyer continued his inequitable conduct in the procurement of the '205 patent.

## COUNT I

### (DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE PATENTS-IN-SUIT)

24. Plaintiff incorporates by reference and re-allege, as if fully set forth herein, the allegations set forth in the foregoing paragraphs.

25. The patents-in-suit are unenforceable due to inequitable conduct during the prosecution of the patents-in-suit before the U.S. Patent and Trademark Office. The applicant withheld material prior art references from the individual examiners who examined the applications which matured into the patents-in-suit. The foregoing facts establish an intent to deceive.

## COUNT II

### (DECLARATORY JUDGMENT OF INVALIDITY OF THE PATENTS-IN-SUIT)

26. Plaintiff incorporates by reference and re-alleges, as if fully set forth herein, the allegations set forth in the foregoing paragraphs.

27. The patents-in-suit and all claims contained therein are invalid for failure to satisfy the conditions for patentability specified in Title 35, United States Code, Sections 101 et seq.

## COUNT III

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE PATENTS-IN-SUIT)

28. Plaintiff incorporates by reference and re-alleges, as if fully set forth herein, the allegations set forth in the foregoing paragraphs.

29. General Cable has not infringed and does not infringe any valid claim of the patents-in-suit.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, General Cable Corporation, respectfully requests the following relief:

a) A judgment declaring that Plaintiff has not infringed, and is not presently infringing, the patents-in-suit;

b) A judgment declaring that the claims of the patents-in-suit are unenforceable;

c) Its costs and reasonable attorney's fees;

d) Prejudgment interest; and

e) Such other and further relief that the Court deems just and proper.

Respectfully submitted,

FESSLER, SCHNEIDER & GRIMME, LLP

By: _____
David E. Fessler (KBA #81815)
14 North Grand Avenue
Ft. Thomas, KY 41075
(859) 291-9075 *telephone*
(859) 291-9165 *facsimile*

6

and

BLANK ROME LLP

By: _____ *(signed per email authority)*
Matthew J. Siembieda
Grant S. Palmer
One Logan Square
Philadelphia, PA 19103
(215) 569-5500 *telephone*
(215) 832-5578 *facsimile*

BLANK ROME LLP
Michael C. Greenbaum
Brian C. Jones
600 New Hampshire Avenue, NW
Washington, DC 20037
(202) 772-5800 *telephone*
(202) 772-5858 *facsimile*

Attorneys for Plaintiff,
General Cable Corporation

Dated: September __, 2005

105967.00642/21420084v.1